## UNITED STATES v. MAX MAYER & CO.

(Circuit Court of Appeals, Second Circuit.   December 7, 1909.)

### No. 29 (5,181).

CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—MEASUREMENT OF GLOVES.

Imported gloves exceeded the statutory dividing line as to length in some instances as much as a half inch; but this excess was accidental, and did not affect the value, nor result in any advantage to buyer or seller. *Held*, that this excess is negligible, and should not affect the classification of the gloves, notwithstanding the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 439, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676), that gloves shall be classified according to their measurement at "extreme length when stretched to their full extent."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The importers' contention in this cause is that certain gloves had been improperly classified as "over 14 inches in length" and "over 17 inches in length," respectively, under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, pars. 439–441, 30 Stat. 192 (U. S. Comp. St. 1901, pp. 1676, 1677). The case turns upon the construction to be given the first of said paragraphs, reading as follows:

"439. Gloves made wholly or in part of leather, whether wholly or partly manufactured, shall pay duty at the following rates, the lengths stated in each case being the extreme length when stretched to their full extent."

A decision of the Circuit Court for the Southern District of New York (164 Fed. 905), affirmed a decision of the Board of General Appraisers reversing the collector.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles Duane Baker, of counsel), for the United States.

Brown & Gerry (James L. Gerry, of counsel), for importers.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge.  The paragraphs of the tariff act under which the gloves in question were assessed are 440 and 441. Paragraph 440 provides for a specific duty of $1.75 per dozen pairs on schmaschen gloves not over 14 inches in length; over 14 and not over 17 inches in length, $2.25 per dozen pairs; and over 17 inches in length, $2.75 per dozen pairs.

Paragraph 441 deals with lamb or sheep gloves and is similar to the preceding paragraph, except that the rate of duty is higher.  It was found on measurement that some of the 14-inch gloves exceeded that length by from one-eighth to one-half an inch, and some of the 17-inch gloves exceeded that measurement by from one-eighth to three-sixteenths of an inch.

The importers protested the collector's assessment, insisting that in each instance the gloves should have fallen into the next lower classification.  The Board and the Circuit Court sustained the protest, each writing a well-considered opinion.  The majority of the court agree with conclusions reached and concur in the reasoning of the opinions below.

It is of course true, if an exceedingly narrow and illiberal construction be given the language of the paragraphs in question, that the collector's action can be justified. A glove which is $14^1/_8$ inches long is no doubt over 14 inches, but so is a glove which measures $14^1/_{1000}$ inches. Tariff laws, like other statutes, should be construed in the light of common sense and the objects intended to be accomplished. We agree with the Board in saying:

"We cannot believe that Congress intended that such a narrow, hairsplitting construction should be placed upon these provisions, especially in the light of trade experience as shown by the uniform testimony of all the witnesses that there could result no possible advantage to either the seller or buyer of gloves from such infinitesimal excesses of measurement."

The testimony shows that, with every precaution taken to produce gloves exactly 14 and 17 inches in length, it is impossible to do so. Differences in leather, temperature, and in the skill of the cutters or the measurers produce slight variations above and below the required length, which are regarded as negligible by the trade. Indeed, it frequently happens that in the same pair of gloves one will be slightly longer than the other. Whether a glove is one-eighth of an inch above or below the 14 or 17-inch standard makes not the slightest difference in its value; it sells for the same price. Neither buyer nor seller is benefited by the additional length or injured by the shortage.

This is not a case where an importer is endeavoring to escape the proper duty by undervaluation or misrepresentation of any kind. The testimony establishes the entire good faith of the importers; it shows, indeed, that with every reason for securing the exact measurement for their 14 and 17 inch gloves, they have found it impossible to do so.

It is stated that this is the first time this question has arisen, and when it is remembered that similar provisions have been in tariff acts for eighteen years, the fact is persuasive to the conclusion that the government has not heretofore considered that it has been deprived of revenue justly its due.

The decision of the Circuit Court is affirmed.